**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| N.R.D., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | No. 2:26-cv-02783-SHL-cgc |
| Director of U.S. Immigration and Customs | ) | |
| Enforcement, New Orlean Field Office, | ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER GRANTING PETITION**

On July 1, 2026, Petitioner N.R.D. filed the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.  (ECF No. 1.)  He challenges his continued detention without a bond hearing or pre-arrest notice in the West Tennessee Detention Facility by Respondent, who is the Immigration and Customs Enforcement ("ICE") District Director with immediate control over N.R.D.  (Id. at PageID 14, 38.)  Respondent responded late[1] on July 17 and concedes that "this case is covered by the Sixth Circuit's recent decision in" Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (ECF No. 12 at PageID 136.)  For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

On July 29, 2021, N.R.D. was admitted into the United States in Newark, New Jersey, as an F-1 student.  (ECF No. 1 at PageID 12.)  His "visitor status" changed to H-1B on October 1, 2023, and changed to B-2 on December 23, 2024.  (Id.)  That final status lasted until April 30,

---

[1] Despite Respondent's tardiness, the Response is considered herein.

2025.  (Id.)  After his visitor status expired, Petitioner applied for asylum using USCIS Form I-589 and obtained employment authorization.  (Id.)

That asylum application was denied, and, on July 21, 2025, ICE issued Petitioner a Notice to Appear at immigration proceedings.  (ECF No. 1-3 at PageID 51.)  Petitioner thus entered immigration proceedings and has attended periodic ICE office check-ins since.

ICE arrested Petitioner at his June 30, 2026 check-in at the Memphis ICE office.  (ECF No. 1 at PageID 14.)  Respondent contends that Petitioner was arrested for violating the Alternatives To Detention program requirements.  (ECF No. 12 at PageID 137.)  Petitioner asserts that he "was provided no advance written notice that he would be arrested or detained, no warrant, and no statement of reasons.  He was given no opportunity to respond or to be heard before a neutral decisionmaker prior to his detention."  (ECF No. 1 at PageID 14.)  Petitioner has yet to request a bond hearing in the immigration court.  He filed the instant Petition on July 1, 2026, and remains in Respondent's custody at the West Tennessee Detention Facility.

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 12 at PageID 136–37.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 12 at PageID 137–38.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."  (Id. at PageID 136.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

2

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); In re Yajure Hurtado, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## **CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 12th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE